```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x
OTIS R. ELION,
                                        TRANSFER ORDER
                 Petitioner,            21-cv-1893 (KAM)

         -against-

UNITED STATES OF AMERICA,

                 Respondent.
-------------------------------x
```

KIYO A. MATSUMOTO, United States District Judge:

  Petitioner Otis R. Elion, currently incarcerated at the Federal Correctional Institution-Greenville, in Greenville, Illinois, following a conviction in the United States District Court for the Southern District of Illinois, *see USA v. Elion*, No. 16-cr-40046 (JPG), brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.  (*See* ECF No. 1, Petition to Vacate a Sentence.)  In addition to having his underlying criminal action prosecuted in the Southern District of Illinois, petitioner has filed a previous petition under § 2255 in that Court, which was denied by a Memorandum and Order dated April 2, 2020.  *See Elion v. United States*, No. 17-cv-01349 (JPG), 2020 WL 1637231 (S.D. Ill. Apr. 2, 2020). Petitioner appealed the denial and the appeal is currently pending with the United States Court of Appeals for the Seventh Circuit.  *See Elion v. USA*, No. 20-1725 (7th Cir. May 1, 2020).

1

The Eastern District of New York is not the proper venue for this action. A 2255 petition must be filed in the court that imposed sentence, which, in this case, is the Southern District of Illinois. *See Fisher v. Hudson*, 665 F. App'x 59, 61 (2d Cir. 2016) (summary order) ("[T]he sentencing court[] is the proper venue for adjudication of the § 2255 petition."); *see, e.g.*, *Rudzavice v. United States*, No. 13-cv-141 (RRM), 2013 WL 3094095, at *2 (E.D.N.Y. June 18, 2013) (transferring habeas petition from the Eastern District of New York to the Northern District of Texas because petitioner was sentenced in the Northern District of Texas). Furthermore, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York instruct that "applications for a writ of habeas corpus . . . shall be filed, heard and determined in the District Court for the district within which [the petitioner was] convicted and sentenced." L. Civil R. 83.3.

Accordingly, in the interest of justice and because petitioner was convicted in the Southern District of Illinois and had a prior § 2255 petition denied in that Court, the Clerk of the Court is respectfully directed to transfer the instant petition to the United States District Court for the Southern District of Illinois and close this case. *See* U.S.C. § 1406(a); L. Civil R. 83.3. The provision of Rule 83.1 of the Local Rules

of the Eastern District of New York which requires a seven-day delay is waived. The Clerk of the Court is respectfully requested to serve a copy of this Order on Petitioner and note service on the docket.

SO ORDERED.

\_\_\_\_\_/s/_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

Dated:   Brooklyn, New York
         April 15, 2021