UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

OTIS R. ELION,

    Plaintiff,

  v.                                             Case No. 3:17-cv-01349-JPG

UNITED STATES OF AMERICA,

    Defendants.

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a sua sponte motion to consolidate two cases: *Elion v. United States of America* (3:17-cv-01349-JPG) (hereinafter *Elion IV*) and *Elion v. United States of America* (3:21-cv-00389-JPG) (hereinafter *Elion V*). Finding the claims in the two cases are identical, with the consent of the parties, the Court CONSOLIDATES *Elion IV* and *Elion V*.

On January 11, 2017, the Petitioner pled guilty to three counts of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (Case No. 16-cr-40046-JPG) (hereinafter "*Elion II*"), and admitted to allegations supporting a supervised release revocation (Case No. 06-cr-40061-JPG) (hereinafter "*Elion I*"). The Petitioner appealed both cases.

While both cases were on appeal, the Petitioner filed a 2255 petition to vacate, set aside, or correct his sentence, on August 23, 2017. (Case No. 3:17-cv-00892-JPG) (hereinafter "*Elion III*"). The Petitioner alleged that he was improperly sentenced as a career offender based on two prior Illinois convictions that the Petitioner believed no longer qualified for a career offender enhancement. The Petitioner claimed that he brought up his concerns about the two prior convictions to his attorney, but his attorney refused to make those arguments at sentencing

believing them to be frivolous. The Petitioner claimed that the failure to raise that argument at sentencing amounted to ineffective assistance of counsel.

The Court denied the Petitioner's § 2255 petition in *Elion III* and entered judgment. (*Elion III*, Doc. 3). Because Elion's case was on appeal, his § 2255 petition was premature. Subsequently, the Appellate Court denied review of *Elion I* and *Elion II*.

Following denial of review, Elion refiled his § 2255 on December 13, 2017, alleging the same ineffective assistance of counsel claims as *Elion III*. (*Elion IV*, Doc. 1). On April 2, 2020, the Court denied Elion's § 2255 motion, but granted a certificate of appealability. (*Elion IV*, Doc. 37).

On April 6, 2021, while *Elion IV* was still pending before the appellate court, the petitioner filed another § 2255 petition with identical claims in the United States District Court for the Eastern District of New York (*Elion V*, Doc. 1). On April 15, 2021, *Elion V* was transferred from the Eastern District of New York to the South District of Illinois. There has been no docket activity in *Elion V* since the Petitioner notified the Court of a change of address in August of 2021. (*Elion V*, Doc. 5).

On September 28, 2023, the Appellate Court reversed this Court's decision in *Elion IV* and remanded the case on the question of counsel's duty to question the Defendant's career offender status. (*Elion IV*, Doc. 58). The Petitioner moved for status on November 3, 2023, and the Court scheduled an evidentiary hearing for January 16, 2024. (*Elion IV*, Doc. 68).

Shortly before the status conference, the Court was made aware that *Elion V* was still pending. The Court reached out to counsel in *Elion IV* and *Elion V* and asked for their positions on whether the cases should be consolidated or not. Both the parties and counsel indicated that they would not oppose consolidation.

Federal Rule of Civil Procedure 42(a) grants federal district courts the authority and discretion to consider related actions for greater efficiency. Fed. R. Civ. Pro. (FRCP) 42(a). FRCP 42(a) empowers a court to consolidate actions that have a common question of law or fact. As long as consolidation does not prejudice any party, courts should consolidate related actions when possible. *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970).

Here, it was the assessment of the parties, as it was the assessment of the Court, that the claims were identical; *Elion V* does not add or detract from any of the claims made in *Elion IV*. Both cases deal with the same claim of alleged ineffective assistance of counsel. Consolidation would not prejudice any party. With no opposition or argument against consolidation, the Court sees no reason for not consolidating these cases.

## CONCLUSION

Because the claims in *Elion IV* and *Elion V* are identical, and the parties do not oppose it, the Court **CONSOLIDATES** *Elion IV* (Case No. 3:17-cv-01349-JPG) and *Elion V* (Case No. 3:21-cv-00389-JPG). All future filings shall be made exclusively in the lead case *Elion IV* (Case No. 3:17-cv-01349-JPG) and shall bear the caption of this order.

**IT IS SO ORDERED.**
**DATED:** December 8, 2023

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**